IN RE APPEAL OF COUNTY ATTORNEY OF RICE COUNTY.
CLAIM OF CHARLES M. LIVINGSTON.[1]

August 3, 1928.

No. 26,787.

**Appeal from settlement with county not permissible under § 646.**
 A transaction between a former sheriff and the county board *held* to be a settlement and not an allowance of a claim and the order of the county board not appealable under G. S. 1923, § 646.

Counties, 15 C. J. p. 656 n. 66.

Thomas H. Quinn as county attorney appealed from an order of the district court for Rice county, Senn, J. dismissing his appeal to the district court from an order of the county board allowing a settlement between the board and Charles M. Livingston, a former sheriff of the county. Order of dismissal affirmed.

*Thomas H. Quinn,* County Attorney, for appellant.
*Smith & Coughlin,* for respondent.

PER CURIAM.

There was a dispute between Charles M. Livingston, a former sheriff of Rice county, and the county board, relative to his charges. The county board allowed him $793.30, and the county attorney appealed to the district court under G. S. 1923, § 646. The court dismissed the appeal, and the county attorney appealed.

Livingston made a claim for $1,024.30 for the board of prisoners, which was claimed to be an overcharge to the extent of $231. He claimed to be entitled to a charge of $43.55 as an undercharge for boarding federal prisoners. It was claimed that he had been paid $1,980 by the county for livery hire and that he had received $740 in fees collected as costs from persons arrested and that therefore he had received $2,720 which should not have been paid him. He claimed that at the request of the county board he had incurred

[1]Reported in 220 N. W. 946.

$2,764 expenses in providing motorcycles for county use, including the wages of the men using them, and that this was less than the amount which would have been allowed him if he had received a mileage charge.

The county commissioners and Livingston came together with the apparent purpose of settling their differences.  Livingston finally agreed to take $793.30, which was the exact amount of the board after the deduction of $231 admitted to be an overcharge, and all other items were considered as settled.

The record is indefinite.  In the final resolution for settlement the $793.30 was referred to as livery hire.  In reality it was the amount of the prisoners' board and included certain deductions and a settlement of all claims for livery hire or claims in connection therewith against and in favor of the former sheriff.

As we view it, the trial court was right in holding that the former sheriff and the county board made a settlement of their differences and that the transaction was not an allowance of a claim against the county from which the county attorney could appeal under G. S. 1923, § 646.  The order of dismissal is affirmed.